IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEWAINE NICHOLS, | ) | |
| | ) | 4:09CV3113 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney fees, Filing No. 23. This court entered judgment in this case in favor of the plaintiff on March 23, 2010. Filing No. 22. The case was remanded to the Commissioner for an award of benefits payable to the plaintiff, and plaintiff now requests attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and pursuant to 42 U.S.C. § 406(b)(1). The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A), (2)(B); United States Sec. and Exch. Comm'n v. Zahareas, 374 F.3d 624, 630 (8th Cir. 2004). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which was to diminish the deterrent effect of seeking review of, or defending against, governmental action. See Sullivan v. Hudson, 490 U.S. 877, 883 (1989).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." Scarborough v. Principi, 541

U.S. 401, 414 (2004). To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

Pursuant to the EAJA, plaintiff's counsel requests an hourly rate of $125.00 for 8.6 hours of work performed in 2009 and 2010, for a total of $1,075.00. Defense counsel has indicated that the defendant has no objection to plaintiff's request for an award in the amount of $1,075.00 and no objection if this amount is paid directly to plaintiff's counsel. Filing No. 26, Response. The court has carefully reviewed the record and finds this amount is fair and reasonable and that the Commissioner's determination was not substantially justified. Accordingly, the court will grant these benefits.

The court has reviewed the affidavits and timesheet filed with the motion and finds that the reported 8.6 hours is a reasonable amount of time to be spent on the case. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, the fees were incurred in this action, and there is no dispute that the plaintiff is the prevailing party. Accordingly,

THEREFORE, IT IS ORDERED that plaintiff's motion, Filing No. 23, for attorney fees pursuant to the EAJA in the amount of $1,075.00, payable to counsel of record, is granted and a separate judgment in accordance with this Memorandum and Order will be entered this date.

DATED this 21st day of June, 2010

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2